UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

|  |  |
|---|---|
| **LINDA TRAIL**<br><br>    **Plaintiff,**<br><br>v.<br><br>**INV. DAVID S. CRESSELL**<br>Serve: 802 East Main St.<br>         Pulaski, VA 24301<br><br>    **Defendant.** | )<br>)<br>)<br>)<br>)<br>)  Case No.  7:19cv191<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

Plaintiff Linda Trail, by counsel and for her Complaint seeking judgment against Defendant Inv. David S. Cressell:

**JURISDICTION AND VENUE**

1.  This Court has federal question jurisdiction over Linda Trail's federal law claims pursuant to 28 U.S.C. §§ 1331, 1332, and 1343(a)(3), (4).

2.  This Court has supplemental jurisdiction over Linda Trail's state law claims pursuant to 28 U.S.C. § 1367.

3.  Venue is proper, pursuant to 28 U.S.C. § 1931(b), because a substantial part of the acts and omissions giving rise to Linda Trail's claims occurred within the Western District of Virginia.

4.  Assignment to the Roanoke Division of the Western District of Virginia is proper, pursuant to Western District of Virginia Local Rules 2(a)(7) and 2(b), because a substantial part of the acts and omissions giving rise to Linda Trail's claims occurred in Pulaski County.

## PARTIES

5. At all relevant times, Plaintiff Linda Trail ("Plaintiff") was a citizen of the United States, and a resident of the State of North Carolina.

6. At all relevant times, Investigator David S. Cressell ("Defendant Cressell") was an officer employed by the Pulaski County Sheriff's Office, a resident of the Commonwealth of Virginia, and acted under color of state law.

## STATEMENT OF FACTS

7. On September 4, 2013, a confidential informant purchased Diazepam from suspect in Pulaski County as part of an undercover operation conducted by the Claytor Lake Regional Drug Task Force.

8. During this time Linda Carol Trail resided in North Carolina.

9. Only the informant actually saw the suspect during the transaction.

10. After the transaction, the informant provided a first name and some personal information concerning the suspect.

11. This personal information was the name of the suspect's boyfriend and that this the boyfriend had health problems.

12. The informant later advised officers that the individual's last name was Trail.

13. Upon information and belief the first name provided by the informant was Lynn, and not Linda.

14. The personal information provided by the informant identified the individual actually sought.

15. Despite having information identifying the proper suspect, Defendant improperly swore out a warrant for the arrest of Linda Carol Trail.

16. On April 14, 2014, a grand jury indicted Plaintiff for selling, giving, or distributing a Schedule III Controlled Substance in violation of § 18.2-248 of the Code of Virginia.

17. A capias for Plaintiff's arrest was issued from the Circuit Court of Pulaski County as a result of the indictment.

18. On or about August 16, 2017, Plaintiff was arrested by the Burlington Police Department, based on the outstanding capias, in her home state of North Carolina, and held on a $100,000.00 bond.

19. Plaintiff was incarcerated at the Alamance County Jail, in North Carolina, from August 16, 2017, until August 24, 2017.

20. On or about August 24, 2017, Plaintiff was extradited from the Alamance County Jail, and transported to the New River Valley Jail, in Virginia.

21. Plaintiff was incarcerated at the New River Valley Regional Jail from August 24, 2017 until August 25, 2017, based on the outstanding capias, for Felony Sale/Give/Distribute a Schedule IV Controlled Substance.

22. After a post arrest investigation, Defendant Cressell determined that Plaintiff was not the person who sold Diazepam on September 4, 2013.

23. Defendant Cressell, the charging law-enforcement officer, contacted the prosecutor's office with information that the person indicted and now arrested in connection with this violation most likely was not the person who committed the offense.

24. On September 4, 2017, the Circuit Court of Pulaski County dismissed the charge against Plaintiff on the grounds that she was not the person who committed the offense.

## COUNT I
### 42 U.S.C. § 1983 – Unreasonable Seizure/Malicious Prosecution in Violation of the Fourth and Fourteenth Amendments

25. Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth herein.

26. 42 U.S.C. § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

27. At all relevant times, Defendant Cressell was acting under color of state law.

28. At all relevant times, Plaintiff, a citizen of the United States and the state of North Carolina, had a clearly established right under the Fourth Amendment, as applied to the states by the Fourteenth Amendment, to be free from the unreasonable seizure by law enforcement officers.

29. Defendant Cressell caused legal process to issue against Plaintiff with reckless disregard for the truth and without probable cause.

30. Defendant Cressell falsely identified Plaintiff to the Grand Jury of Pulaski County.

31. A simple investigation by Defendant Cressell, prior to obtaining the arrest warrant, would have revealed that Plaintiff was not the accused he was searching for.

32. Plaintiff was seized in her home state of North Carolina based upon the invalid warrant.

33. As a direct and proximate cause of Defendant Cressell's unreasonable seizure and malicious prosecution, Plaintiff suffered financial, emotional and physical harm, and was otherwise injured.

34. Defendant Cressell's unreasonable seizure and malicious prosecution of Plaintiff establishes a cause of action pursuant to 42 U.S.C. § 1983 for monetary relief consisting of compensatory damages and punitive damages in the amount to be established at trial, as well as attorney's fees and costs.

## COUNT II
### State Law Malicious Prosecution

35. Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth herein.

36. Defendant Cressell caused legal process to issue against Plaintiff with reckless disregard for the truth and without probable cause.

37. A simple investigation by Defendant Cressell prior to obtaining the arrest warrant would have revealed that Plaintiff was not the accused he was searching for.

38. Plaintiff was seized in her home state of North Carolina based upon the invalid warrant.

39. Defendant Cressell acted with malice when he sought the warrant in reckless disregard for the truth, and without probable cause.

40. The legal proceedings against Plaintiff ended favorably when the Circuit Court of Pulaski County dismissed the charge with prejudice.

41. As a direct and proximate cause of Defendant Cressell's malicious prosecution, Plaintiff suffered financial, emotional and physical harm, and was otherwise injured.

## **DAMAGES**

42. As a direct result of the Defendant's conduct, Plaintiff suffered severe physical and emotional injuries and damages, including:

   a. Shame, fright, mortification, embarrassment, humiliation and loss of dignity and pride, mental anguish, emotional pain, torment and suffering caused by the Defendants' unlawful violation of Plaintiff's constitutional rights;

   b. Violation of Plaintiff's constitutional rights;

   c. Other associated costs caused by Defendants' violation of Plaintiff's constitutional rights.

43. Further, Plaintiff asks that the Court award her expenses that she reasonably incurs in this litigation, including reasonable attorneys' and expert fees, pursuant to 42 U.S.C. § 1988(b) and (c).

WHEREFORE, based upon the foregoing, Plaintiff demands judgment against Defendant for compensatory damages and punitive damages pursuant to 42 U.S.C. § 1983 and state law in an amount to be established at trial, together with costs incurred in the pursuit of just resolution of this matter, pre-judgment and post-judgment interest, and attorneys' fees to be established by the Court.

**A JURY TRIAL IS REQUESTED.**

Respectfully Submitted,
LINDA TRAIL

By: _____/s/_____
            Counsel

Jonathan E. Halperin (VSB No. 32698)
Andrew Lucchetti (VSB No. 86631)
Halperin Law Center, LLC
5225 Hickory Park Drive, Suite B

Glen Allen, VA 23059
Phone: (804) 527-0100
Facsimile: (804) 597-0209
jonathan@hlc.law
andrew@hlc.law
*Counsel for Plaintiff*