IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LINDA TRAIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 7:19cv191 |
| | ) | |
| DAVID S. CRESSELL, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT**

Defendant David S. Cressell, by counsel, submits this supplemental memorandum in support of his motion for summary judgment.

*Probable cause.*

In *Smith v. Munday*, 848 F.3d 248 (4th Cir. 2017), the court began its analysis with the first prong of the two-part qualified immunity analysis. The court decided that Munday violated Smith's Fourth Amendment rights by arresting her without probable cause. The court reiterated the familiar doctrine that investigations need not be perfect or turn over every stone. 848 F.3d at 254 (headnote 6), citing *Wadkins v. Arnold*, 214 F.3d 535, 543 (4th Cir. 2000). The court recognized that an officer must conduct some sort of investigation and at a minimum assemble facts that link the suspect to the crime. *Id*. In *Wadkins*, the court noted that an investigation must be reasonable under the circumstances. Less than thorough or mistaken actions does not mean that the investigation was unreasonable. 214 F.3d at 543. In *Smith v. Munday*, the court found that Munday did little or no investigation of Smith. He ran a broad search in the department's database of individuals with criminal histories and found three black women with

1

criminal records under the name April Smith. In contrast, Investigator Cressell knew there was a drug sale to a confidential informant at a specific location. The confidential informant gave a name but was unable to positively identify a 9-year-old photograph of the seller. Investigating further, Investigator Cressell asked Detective Grim if he was familiar with the address and who lived there. Grim responded that he was and that the name of the woman Cressell was looking for was Linda Trail. Given its similarity of the name to Lynn Trail, Cressell reasonably concluded that the confidential informant was mistaken. Cressell relied upon the information from Detective Grim.

In *Smith v. Munday*, the court stressed that Munday did little or no investigation. It is distinguishable from this case because Investigator Cressell conducted an investigation. While the parties and even the Court may differ on the quality of the investigation, that is not the decisive question in this case. There is not a cause of action under the United States Constitution for faulty investigation. The *Smith* court found that Munday did not have probable cause for the arrest because there was no investigation. Since Cressell performed an investigation, *Smith* supports a finding of probable cause in this case.

The court in *Smith v. Munday* noted that Munday did not obtain an indictment through a grand jury. That is another distinction between the circumstances of *Smith v. Munday* and the circumstances in this case. Cressell sought and obtained an indictment. As the *Smith* court noted, an indictment returned by a properly constituted grand jury conclusively determines the existence of probable cause. 848 F.3d at 255, citing *Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012), quoting *Gerstein v. Pugh*, 420 U.S. 103 (1975). Accordingly, there was sufficient probable cause for the arrest of Trail.

*Qualified immunity.*

Even if Cressell did not have probable cause, he is entitled to the protection of qualified immunity in this case because a reasonable officer in the same circumstances would have believed that there was probable cause to seek an indictment of Linda Trail based on Detective Grim's identification.

In accord with recent decisions from the Supreme Court of the United States regarding qualified immunity, we must consider qualified immunity with specificity. That is, the clearly established right must be defined with specificity. *City of Escondido v. Emmons*, 139 S. Ct. 500; 202 L. Ed. 2d 455 (2019), citing *Kisela v. Hughes*, 584 U.S. ____, 138 S. Ct. 1148, 200 L. Ed. 2d 449 (2018). *Kisela* and *City of Escondido* were both *per curiam* decisions in which the Court admonished lower courts to apply a greater degree of specificity than the lower courts applied in those cases.

For example, in *City of Escondido*, the lower court defined the qualified immunity issue as whether or not an officer could use excessive force. "The Court of Appeals should have asked whether clearly established law prohibited the officers from stopping and taking down a man in the circumstances." 139 S. Ct. at 503, 202 L. Ed. 2d at 459. The Supreme Court reversed *City of Escondido* because the Court of Appeals failed to properly analyze whether clearly established law barred the officer from stopping and taking down the suspect.

In this case, the specific question is whether or not Investigator Cressell could have reasonably believed he had probable cause that Linda Trail sold drugs to a confidential informant based on information from a fellow law enforcement officer. As *City of Escondido* requires, there is a body of case law that supports the proposition that law enforcement officers can rely on information from other law enforcement officers for probable cause. *Lucas v. Shively*, 31 F.

Supp. 3d 800, 813 (4th Cir. 2014), citing *Liu v. Phillips*, 234 F.3d 55, 57-58 (1st Cir. 2000), citing *Whiteley v. Warden*, 401 U.S. 560, 568, 91 S.Ct. 1031, 28 L. Ed. 2d 306 (1971). Viewed in light of *City of Escondido* and *Kisela*, Cressell reasonably could have believed that he had probable cause to arrest Linda Trail on the basis of the information from Detective Grim. Cressell is, therefore, protected by qualified immunity from the claims of Trail.

DAVID S. CRESSELL

By: /s/ Jim H. Guynn, Jr.
Jim H. Guynn, Jr. (VSB #22299)
Guynn, Waddell, Carroll & Lockaby, P.C.
415 S. College Avenue
Salem, Virginia 24153
Phone: 540-387-2320
Fax: 540-389-2350
Email: jimg@guynnwaddell.com
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I do hereby certify that on this 2nd day of October, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Jonathan E. Halperin, Esq.
Andrew Lucchetti, Esq.
Halperin Law Center, LLC
5225 Hickory Park Drive, Suite B
Glen Allen, VA 23059
jonathan@hlc.law
andrew@hlc.law
*Attorney for Plaintiff*

/s/ Jim H. Guynn, Jr.
Jim H. Guynn, Jr. (VSB #22299)
Guynn, Waddell, Carroll & Lockaby, P.C.
415 S. College Avenue
Salem, Virginia 24153

4

Phone: 540-387-2320
Fax:     540-389-2350
Email: jimg@guynnwaddell.com
*Attorney for Defendant*